UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>KIYANOOSH POURMONSHI, et al.,<br><br>　　　　　　Defendants. | No.  2:16-cv-0563-KJM-KJN PS<br><br><br>ORDER |

Plaintiff Wesley Elvis Peden, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff alleges that he had been a patient at defendant Sacramento Native American Health Center since 2013. However, on January 8, 2016, he was unable to see his regular care provider who was on maternity leave, but instead was seen by a temporary care provider, defendant Dr. Kiyanoosh Pourmonshi. According to plaintiff, Dr. Pourmonshi improperly refused to refill previously-prescribed pain medication and refused to complete

plaintiff's disability paperwork.  Despite subsequent phone calls by plaintiff and his pharmacy to Dr. Pourmonshi and other staff at Sacramento Native American Health Center, plaintiff allegedly continues to be denied his requested treatment and services.  Plaintiff claims that such negligent and malicious actions have placed his life, health, and well-being at risk, and have also caused him to lose his sole source of income (presumably, disability benefits).  According to the caption of the complaint, plaintiff asserts claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242.  Plaintiff seeks monetary compensation and other relief (including that Dr. Pourmonshi be relieved of her duties, that plaintiff's prescriptions be refilled, and that plaintiff's disability forms be completed).  (See generally ECF No. 1.)

A claim under 42 U.S.C. § 1983 against defendants Pourmonshi and the Sacramento Native American Health Center is not viable, because those defendants are not state actors acting under color of state law.  See 42 U.S.C. § 1983; American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful").  Additionally, 18 U.S.C. § 242 is a criminal statute, and as a private citizen, plaintiff has no standing to prosecute a federal crime.

Nevertheless, when liberally construed, plaintiff's complaint also appears to raise some type of medical malpractice claim against defendants.  Ordinarily, plaintiff would be required to bring such a state law claim in state court, because medical malpractice is not a federal claim and there is no complete diversity of citizenship.  However, it appears that, although defendant Sacramento Native American Health Center is not a governmental entity, it claims to be a federally qualified health center for purposes of the Health Center Program administered by the Health Resources and Services Administration, an agency of the U.S. Department of Health and Human Services.[2]  See 42 U.S.C. § 254b.  Congress has provided that the exclusive remedy for claims of malpractice arising out of medical services provided by such a health center and its employees shall be a claim against the United States pursuant to the Federal Tort Claims Act

---

[2] See http://www.snahc.org/about-2/introduction/.

("FTCA").  See 42 U.S.C. § 233(g).  As such, plaintiff could at least conceivably amend his complaint to state a claim against the United States under the FTCA.

However, to proceed on a FTCA claim in this court, plaintiff would first have to allege facts showing that he properly exhausted his administrative remedies.  More specifically, under the FTCA:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  The requirement that a claimant first exhaust administrative remedies by filing a claim with the appropriate federal agency "is jurisdictional in nature and must be interpreted strictly."  Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  In this case, the appropriate federal agency would be the U.S. Department of Health and Human Services.  Although it seems highly unlikely that plaintiff has already exhausted his administrative remedies for any FTCA claim through the U.S. Department of Health and Human Services, the court cannot definitively make that determination on the present record.

In light of the above, the court dismisses plaintiff's complaint, but with leave to amend.  If plaintiff has already filed an administrative tort claim with the U.S. Department of Health and Human Services, which has been finally denied, plaintiff shall so allege in any first amended complaint and attach a copy of his administrative tort claim and any denial letter to that first amended complaint.  The first amended complaint shall be captioned "First Amended Complaint," shall only assert a FTCA claim against the United States, and shall be filed in 28 days.

However, if plaintiff has not yet filed an administrative tort claim with the U.S. Department of Health and Human Services, he shall instead file with this court, within 28 days, a notice of voluntary dismissal of this action, without prejudice to its refiling at a later juncture.  An

action against the United States under the FTCA may be refiled after plaintiff has appropriately exhausted administrative remedies with the U.S. Department of Health and Human Services.

Failure to file either a first amended complaint or a notice of voluntary dismissal within 28 days shall be deemed to be plaintiff's consent to dismissal of the action without prejudice for lack of subject matter jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline will be deemed to be plaintiff's consent to dismissal of the action without prejudice for lack of subject matter jurisdiction and will result in a recommendation for such dismissal.

IT IS SO ORDERED.

Dated:  March 28, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE