UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>Plaintiff,<br><br>v.<br><br>KIYANOOSH POURMONSHI, et al.,<br><br>Defendants. | No. 2:16-cv-0563-KJM-KJN PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

On March 28, 2016, the court granted plaintiff Wesley Elvis Peden's motion to proceed *in forma pauperis* and dismissed plaintiff's complaint with leave to amend. (ECF No. 3.) The court noted that plaintiff's complaint, when liberally construed, appears to raise some type of medical malpractice claim against the defendants Sacramento Native American Health Center, a federally qualified health center, and one of its providers, Dr. Kiyanoosh Pourmonshi. (Id.) However, for the reasons discussed in that order, the court concluded that plaintiff would first have to allege facts showing that he satisfied the jurisdictional requirement of exhausting his administrative remedies before bringing a Federal Tort Claims Act claim in this court. (Id.) The court observed that it seemed highly unlikely that plaintiff had already exhausted his administrative remedies for any FTCA claim through the U.S. Department of Health and Human Services, but that the court could not definitively make that determination on the limited record. (Id.) As such, the court dismissed plaintiff's complaint with leave to amend. (Id.)

1

The court instructed plaintiff as follows:

> If plaintiff has already filed an administrative tort claim with the U.S. Department of Health and Human Services, which has been finally denied, plaintiff shall so allege in any first amended complaint and attach a copy of his administrative tort claim and any denial letter to that first amended complaint. The first amended complaint shall be captioned "First Amended Complaint," shall only assert a FTCA claim against the United States, and shall be filed in 28 days.
>
> However, if plaintiff has not yet filed an administrative tort claim with the U.S. Department of Health and Human Services, he shall instead file with this court, within 28 days, a notice of voluntary dismissal of this action, without prejudice to its refiling at a later juncture. An action against the United States under the FTCA may be refiled after plaintiff has appropriately exhausted administrative remedies with the U.S. Department of Health and Human Services.
>
> Failure to file either a first amended complaint or a notice of voluntary dismissal within 28 days shall be deemed to be plaintiff's consent to dismissal of the action without prejudice for lack of subject matter jurisdiction.

(ECF No. 3.) Although the applicable deadline has now passed, plaintiff failed to file either a first amended complaint or a notice of voluntary dismissal. In accordance with the court's cautionary instruction, the court construes such failure as plaintiff's consent to dismissal of the action without prejudice for lack of subject matter jurisdiction, which is appropriate on the record here. Plaintiff may refile this action once he has properly exhausted administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

1 | Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

2 |     IT IS SO RECOMMENDED.

3 | Dated: May 2, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE